# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**VIOLET BAYS, WIDOW OF
JAMES A. BYRD (DECEASED),**
Claimant Below, Petitioner

**vs.)   No. 13-0826**  (BOR Appeal No. 2048039)
(Claim No. 2011020533)

**UNION CARBIDE CORPORATION,**
Employer Below, Respondent

## MEMORANDUM DECISION

Petitioner Violet Bays, widow of James A. Byrd (deceased),  appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Union Carbide Corporation, by Ann B. Rembrandt, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 28, 2013, in which the Board affirmed a December 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 1, 2011, decision denying Mrs. Bays's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Byrd worked for Union Carbide Corporation as a plant worker. Mr. Byrd passed away on November 6, 2011, and Mrs. Bays, his wife, filed an application requesting dependent's benefits. The Occupational Pneumoconiosis Board found that occupational pneumoconiosis was not a material contributing factor in the decedent's death and that he most likely died of

1

metastatic melanoma. The Occupational Pneumoconiosis Board further found that there was no evidence of any primary lung cancer. The death certificate stated that the immediate cause of death was respiratory failure and the underlying cause was chronic obstructive pulmonary disease. The death summary stated the decedent's final diagnoses were metastatic neoplastic process of unknown primary with metastasis to the liver, lung, and spine; chronic unrelenting nausea secondary to number one; chronic renal failure with acute exacerbation; chronic obstructive pulmonary disease; and coronary artery disease. Randall W. Peterson, M.D., Sulaiman B. Hasan, M.D., Fadi Alkhankan, M.D., and Leonard A. Fichter, D.O., completed the same check form opining that asbestosis/occupational pneumoconiosis was a contributing factor to the respiratory failure that caused the decedent's death. The claims administrator denied Mrs. Bays's request for dependent's benefits because occupational pneumoconiosis did not cause nor was a material contributing factor in the decedent's death.

The Office of Judges affirmed the claims administrator's decision and held that occupational pneumoconiosis did not cause or contribute in a material degree to the decedent's death. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mrs. Bays disagrees and asserts that she has submitted evidence signed by various physicians that treated the decedent for long periods of time and found that the asbestosis was a contributing factor to his respiratory failure that caused his death on November 6, 2009. She further argues that the doctors agreed this disease was a progressive occupational disease and that Randall Peterson, M.D., his primary care physician, found the asbestosis/occupational disease a contributing factor to the respiratory failure which caused his death. She further asserts that the Occupational Pneumoconiosis Board found the decedent had a total of 40% impairment. Union Carbide Corporation maintains that the Office of Judges was correct in not relying on the check-the-box forms completed by Drs. Peterson, Hasan, Alkhankan, and Fichter because the Occupational Pneumoconiosis Board was not cross-examined regarding these forms. Furthermore, it maintains since the Occupational Pneumoconiosis Board was not questioned about these forms that the forms cannot be relied upon in resolving whether occupational pneumoconiosis was a material contributing factor of the decedent's death. It argues that the forms are also insufficient as a matter of law to support an award of benefits and that the forms only stated that asbestosis/occupational pneumoconiosis contributed to the decedent's death. Union Carbide Corporation further argues that in order to receive benefits, occupational pneumoconiosis must be a material contributing factor in the decedent's death.

The Office of Judges relied on the Occupational Pneumoconiosis Board's findings and testimony. The Occupational Pneumoconiosis Board considered Mrs. Bays's claim on June 16, 2011, and examined the decedent on June 4, 1997, where he was granted a 40% permanent partial disability award. The Occupational Pneumoconiosis Board reviewed numerous records and concluded that the x-rays were consistent with asbestosis and that occupational pneumoconiosis was not a material contributing factor in the decedent's death. The Occupational Pneumoconiosis Board testified on December 4, 2012, and its findings and conclusions remained the same. The Office of Judges noted that the decedent had numerous medical issues, including renal failure, metastatic cancer, and chronic kidney disease Stage IV, with a creatinine of 2.53. The decedent had Stage II B malignant melanoma in May of 2005 and had many nodules that appeared within a six month time frame in multiple areas including bone, liver, and lung. The

Occupational Pneumoconiosis Board concluded that the decedent's metastatic melanoma was most likely unrelated to his occupational exposure and that he had most likely died from his metastatic melanoma. The Office of Judges concluded that there was no evidence of any primary lung cancer and that the decedent had severe chronic obstructive pulmonary disease and a heart problem. The Office of Judges held that a preponderance of the evidence does not support a conclusion that occupational pneumoconiosis either caused or contributed in a material degree to the decedent's death.

This Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review in reliance on the Occupational Pneumoconiosis Board's findings and conclusions. The Occupational Pneumoconiosis Board found no evidence of occupational pneumoconiosis contributing in a material degree or causing the decedent's death. The Occupational Pneumoconiosis Board opined that the decedent most likely died of metastatic melanoma and that his occupational exposure did not play a role in his death. The Occupational Pneumoconiosis Board found no evidence of any primary lung cancer. This Court affirms the Board of Review in reliance on the Occupational Pneumoconiosis Board and denial Mrs. Bays's request for dependent's benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II